

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-35,935-04

### EX PARTE RAYMUNDO MELENDEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20080D04159
### IN THE 168TH DISTRICT COURT FROM EL PASO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to twenty-two years' imprisonment. The Eighth Court of Appeals affirmed his conviction. *Melendez v. State*, No. 08-09-00225-CR (Tex. App.–El Paso Dec. 8, 2010).

Applicant contends that his due process rights were violated because the El Paso police department's drug lab did not follow accepted standards when analyzing evidence in his case.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court may order depositions, interrogatories, or a hearing. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether Applicant has established an inference of falsity as set out in this Court's opinion in *Coty*, and if so, whether it was material. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 20, 2014
Do not publish